UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

SEAVOSS MARITIME (CYPRUS) LTD.,

                              Plaintiff,          08 CV 6001 (WHP)

-v-
                                                  **VERIFIED COMPLAINT**

MS "PAASCHBURG" SCHIFFAHRTS GMBH &
CO. KG; MS "PAASCHBURG" VOSS SCHIFFAHRTS
KG; SEAVOSS FREIGHT LIMITED; J. HATTERMANN
VERWALTUNGS GMBH; and REEDEREI EILBRECHT.

                              Defendants.
-----------------------------------------------------------------x

     **COMES NOW**, Plaintiff, SEAVOSS MARITIME (CYPRUS) LTD. (hereinafter

"SEAVOSS MARITIME"), by its attorneys, CHALOS & CO, P.C. as and for its Verified

Complaint against Defendants, MS "PAASCHBURG," SCHIFFAHRTS GMBH & CO.

KG (hereinafter "PAASCHBURG SCHIFFAHRTS"), MS "PAASCHBURG," VOSS

SCHIFFAHRTS KG (hereinafter "VOSS SCHIFFAHRTS"), SEAVOSS FREIGHT

LIMITED (hereinafter "SEAVOSS FREIGHT"), J. HATTERMANN VERWALTUNGS

GMBH (hereinafter "HATTERMAN"), and REEDEREI EILBRECHT (hereinafter

"REEDEREI"), alleges upon information an belief as follows:


<u>JURISDICTION</u>

    1.    The Court has subject matter jurisdiction by virtue that the underlying

claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of

this Court under 28 U.S.C. § 1333.

## THE PARTIES

2.      At all times material hereto, Plaintiff, SEAVOSS MARITIME, was and still is a foreign business entity duly organized and existing pursuant to the laws of Cyprus, with principal place of business at Frau Antje Rippe, P.O. Box 70140, 4161 Limassol, Cyprus.

3.      At all times material hereto, Defendant, PAASCHBURG SCHIFFAHRTS, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of Germany with a principle place of business at Deichstrasse 6, 25335 Elmshorn, Germany.

4.      At all times material hereto, Defendant, VOSS SCHIFFAHRTS, upon information and belief, was and still is a foreign business entity with a principle place of business at Deichstrasse 6, 25335 Elmshorn, Germany.

5.      At all times material hereto, Defendant, SEAVOSS FREIGHT, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of Antigua with a principle place of business at Caribbean Management & Trust Company Limited, 60 Nevis Street, St. John's, Antigua.

6.      At all times material hereto, Defendant, HATTERMAN, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant to the laws of Germany with a principle place of business at Hauptstraβe 66, 26789 Leer, Germany.

7.      At all times material hereto, Defendant, REEDEREI, upon information and belief, was and still is a foreign business entity duly organized and existing pursuant

to the laws of Germany with a principle place of business at Am Delft 6/7, 26721

Emdem, Germany.

## AS A FIRST CAUSE OF ACTION

8.      On or about December 9, 2004, Plaintiff SEAVOSS MARITIME and

PAASCHBURG SCHIFFAHRTS, as owners of the MS PAASCHBURG

SCHIFFAHRTS, entered into a crew management agreement on a standard BIMCO

"Shipman 98" form (hereinafter "the contract").

9.      This contract is a maritime contract.

10.      Pursuant to the terms and conditions agreed between the parties in the

contract, Defendants agreed to, among other things, the payment of monthly installments

for management fees, crew's severance costs, crew support costs, communication

expenses and insurance expenses to SEAVOSS MARITIME.

11.      In accordance with the parties' agreement, the Plaintiff provided

management services and procured various goods and necessaries for the vessel at the

request of and for the benefit of the Defendants.

12.      Despite demands by SEAVOSS MARITIME to Defendants, and

Defendants' promises to pay in a timely manner, Defendants, in breach of the terms of

the December 9, 2004 crew management agreement, have failed, refused, and/or

otherwise have neglected to pay the sums properly due and owing to SEAVOSS

MARITIME.  To date, the total amount due and owing to SEAVOSS MARITIME by

Defendants is approximately US$230,000.00, with management fee installments

continuing to accrue.

13.     Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to German arbitration with German law to apply.  German law provides that the prevailing party is entitled to interest, costs and legal fees.  As best as can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$98,000.00.

14.     Therefore, SEAVOSS MARITIME's total claim for breach of the maritime contract against Defendants is in the aggregate US$328,000.00.

15.     Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant PAASCHBURG SCHIFFAHRTS and Defendants VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI, that no separation exists between them and the corporate form of Defendants VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI has been disregarded such that Defendant PAASCHBURG SCHIFFAHRTS primarily transacted the business of Defendants VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI.

16.     Upon information and belief, at all material times, Defendant PAASCHBURG SCHIFFAHRTS, operated in the name of Defendants VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI such that Defendant PAASCHBURG SCHIFFAHRTS was the beneficial owner of VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI.

17.     Upon information and belief, VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI hold themselves out as subsidiaries within the "PAASCHBURG SCHIFFAHRTS" network.

18.     Upon information and belief, VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI are each one of several entities which is operated, controlled and managed as a single economic enterprise known as "PAASCHBURG SCHIFFAHRTS."

19.     Upon information and belief, among the entities which comprise the "PAASCHBURG SCHIFFAHRTS" network, including VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI, there is a commonality of control and management centered with PAASCHBURG SCHIFFAHRTS and an overlap of officers, directors and employees.

20.     Upon information and belief, at all material times, Defendants PAASCHBURG SCHIFFAHRTS, VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI, have overlapping ownership, management, personnel and purposes such that said Defendants do not operate at arms length.

21.     Upon information and belief, at all material times, Defendants have had common addresses, common contact information such that the Defendants have no independent corporate identity.

22.     Upon information and belief, at all material times, there has been an intermingling of funds between Defendants.

23.     Upon information and belief, at all material times, Defendant PAASCHBURG SCHIFFAHRTS, has dominated, controlled and used Defendants VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI. for its own purposes such that there is no meaningful difference between the entities.

24.     Upon information and belief, at all material times, Defendant PAASCHBURG SCHIFFAHRTS has disregarded the corporate form of Defendants VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI to the extent that Defendant PAASCHBURG SCHIFFAHRTS, was actually carrying on VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI's business and operations as if the same were its own, or vice versa.

25.     Upon information and belief, Defendant PAASCHBURG SCHIFFAHRTS utilizes the Defendants VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI, to transfer funds through, to and from the Southern District of New York on its behalf.

26.     Upon information and belief, there are reasonable grounds to conclude that the Defendants VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI are the alter-egos of Defendant PAASCHBURG SCHIFFAHRTS and, therefore, Plaintiff SEAVOSS MARITIME has a valid prima facie *in personam* claim against Defendants VOSS SCHIFFAHRTS, SEAVOSS FREIGHT, HATTERMAN and REEDEREI based upon alter ego liability.

## BASIS FOR ATTACHMENT

27.     Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

6

belonging to, claimed by, or for the benefit of, the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

28.    Plaintiff believes that some of these assets, to wit:  accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendants and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.    That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.    That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order

directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendants' tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendants, up to the amount of US$492,000.00[1], to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

      C.     That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       July 1, 2008

                       CHALOS & CO, P.C.
                       Attorneys for Plaintiff
                       SEAVOSS MARITIME (CYPRUS) LTD.

           By:

                       George M. Chalos (GC-8693)
                       123 South Street
                       Oyster Bay, New York 11771
                       Tel: (516) 714-4300
                       Fax: (866) 702-4577
                       Email: gmc@chaloslaw.com

---

[1] Plaintiff respectfully advises that pursuant to Supplemental Rule E(5)(a), Plaintiff is entitled to obtain security of up to twice the amount of its claim. Here, Plaintiff has simply asked this Honorable Court to permit Plaintiff to obtain security in the amount of 150% of the Plaintiff's claim in order to adequately secure Plaintiff for its claim for, inter alia, costs, fees and interest, all of which are continuing to accrue.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SEAVOSS MARITIME (CYPRUS) LTD.,

                                    Plaintiff,              08 CV 6001 (WHP)

-v-
                                                    **VERIFICATION OF**
                                                    **COMPLAINT**

MS "PAASCHBURG" SCHIFFAHRTS GMBH &
CO. KG; MS "PAASCHBURG" VOSS SCHIFFAHRTS
KG; SEAVOSS FREIGHT LIMITED; J. HATTERMANN
VERWALTUNGS GMBH; and REEDEREI EILBRECHT,

                                    Defendants.
-------------------------------------------------------------------x


        Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of

perjury:

        1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff,

SEAVOSS MARITIME (CYPRUS) LTD., herein;

        2.      I have read the foregoing Verified Complaint and know the contents thereof; and

        3.      I believe the matters to be true based on documents and information obtained

from employees and representatives of the Plaintiff through its agents, underwriters and

attorneys.

        4.      The reason that this verification was made by deponent and not by the Plaintiff is

because Plaintiff is a foreign corporation, whose officers are not in this district, and whose

verification cannot be obtained within the time constraints presented by the circumstances of this

case.

        I declare under penalty of perjury that the foregoing is true and correct.

Dated: Oyster Bay, New York
       July 1, 2008

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              SEAVOSS MARITIME (CYPRUS) LTD.

                      By:     _____
                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (866) 702-4577
                              Email: gmc@chaloslaw.com